**John Grant COOK, Movant,**

v.

**KENTUCKY BAR ASSOCIATION,
Respondent.**

No. 2010–SC–000170–KB.

Supreme Court of Kentucky.

April 22, 2010.

### OPINION AND ORDER

John Grant Cook moves this Court to enter an order imposing a sixty-one (61) day suspension from the practice of law in the Commonwealth of Kentucky. In response, the Kentucky Bar Association (KBA) agrees with the requested sanction. Cook, whose KBA member number is 90412 and whose bar roster address is 1707B Millgate Road, Louisville, Kentucky 40223, was admitted to practice law in this Commonwealth on October 15, 2004. We approve of the negotiated sanction of suspension from the practice of law for sixty-one (61) days, while also noting that Cook was suspended from the practice of law under an April 2009 order of this Court, from which he has not been reinstated.

The sanction at issue resulted from Cook's failure to take any action with respect to an uncontested divorce proceeding despite his acceptance of a $500.00 retainer to do so. Cook failed to return the client's phone calls and moved his office without notifying her. Unable to reach Cook, the client had to retain another attorney to institute the divorce proceedings. Fortunately, any harm caused by the delay was minimal given the nature of the action, i.e., a civil case wherein no statute of limitations was implicated. Nevertheless, as Cook acknowledges, his inaction, his failure to return his client's calls or notify her of his move, and his failure to return an unearned fee violated SCR 3.130–1.3, SCR 3.130–1.4, and SCR 3.130–1.16,[1] respectively.

The foregoing events occurred in 2006. In 2007, Cook was suspended for failure to pay bar dues. In 2009, Cook was suspended for two years, with thirty days to be served, and the remainder to be conditionally probated provided that he sign a supervision agreement, participate in the Kentucky Lawyer's Assistance Program (KYLAP), and be evaluated and treated for depression. Prior to expiration of the thirty days, the Office of Bar Counsel objected to Cook's automatic reinstatement. Consequently, Cook is still suspended under the 2009 order of suspension.

Under these circumstances, we agree with the negotiated sanction, which in addition to a sixty-one (61) day suspension, mandates Cook's continued compliance with KYLAP and the supervision agreement that emerged from the 2009 proceedings.

Accordingly, it is hereby ORDERED that:

1. John Grant Cook is suspended from the practice of law in the Commonwealth of Kentucky for a period of sixty-one (61) days from the date of this Opinion and Order.

2. In accord with SCR 3.390, if he has not already done so, Cook is directed to notify in writing all clients and all courts in which he has matters pending of his inabil-

---

1. All rules referenced are to the Kentucky Supreme Court Rules of Professional Conduct in effect prior to the July 15, 2009 amendments.

ity to practice law, within ten days from the date of entry of this Opinion and Order. Cook is further directed to furnish copies of said letters of notice to the Director of the Kentucky Bar Association. Further, Cook shall without delay, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

3. Cook shall continue to comply with the Supervision Agreement that he entered into with KYLAP on or about January 18, 2010.

4. In accordance with SCR 3.450, Cook is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $25.20, and for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.
ENTERED: April 22, 2010.
/s/ John D. Minton, Jr.